**In re The CITY OF WELLSTON a Third Class City, of the State of Missouri, Debtor.**

**Bankruptcy No. 84–01492(3).**

United States Bankruptcy Court,
E.D. Missouri, E.D.

Sept. 12, 1984.

See also, Bkrtcy., 43 B.R. 348.

$$P = \frac{N((1 + c)^n - 1)/(1 + c)^n}{(1 + c)^n}$$

Burington, *Handbook of Mathematical Tables and Formulas* (5th Ed.) Table 216 (p. 10).

Barry Schermer, Frank Susman, Clayton, Mo., for creditors.

Mark Hirschfeld, Clayton, Mo., for debtor.

## FINDINGS AND CONCLUSIONS

JAMES J. BARTA, Bankruptcy Judge.

This matter was presented to the Court as an application by the municipal debtor to release a garnishment, and for authority to use the funds so released for the operation of essential city services. The City and the creditors responsible for the garnishment appeared by their respective attorneys at an expedited hearing on September 7, 1984 and presented certain testimony and evidence. At the conclusion of the hearing the Court announced its findings and conclusions from the bench. The facts set forth in the following paragraphs are essentially undisputed.

On or about March 28, 1984, a United States District Court jury returned a verdict against the City of Wellston, Missouri, and other defendants, and in favor of several individual plaintiffs in a lawsuit which had complained of plaintiffs' arrest by City officials. A judgment was entered against the City on the same day in the amount of $300,000.00. On or about June 1, 1984, the U.S. District Court entered an award in favor of plaintiffs in the amount of $35,-000.00 for costs and attorneys fees in connection with prosecution of their lawsuit. Although the City has appealed the District Court actions, it has been unable to post the bond necessary to stay the entry of the judgments. Thereafter, on August 27, 1984, the plaintiffs caused certain garnishment documents to be served on the Gateway National Bank in aid of execution of their judgments. The City has stated that "virtually all its revenues on hand here" are on deposit at the Gateway Bank. (See debtor's application filed on September 6, 1984.) As a result of the garnishment proceedings, the City has been unable to use the approximately $50,000.00 in its Gateway account.

On September 5, 1984, the City filed a petition for an order for relief under Chapter 9 of the Bankruptcy Code, stating its intention to file a plan for the adjustment of its debts. The filing did not include a list of creditors, or schedules of assets and liabilities. The petition had been signed by the City's mayor and its bankruptcy co-counsel.

At the bankruptcy hearing on September 7, 1984, Peter Meatte, an elected member of the Wellston City Council, testified that on the evening of September 5, 1984, the Council, by majority vote adopted a resolution which ratified the mayor's action in filing the petition in the Bankruptcy Court.

Prior to Mr. Meatte's testimony, the City filed a written addendum to the Chapter 9 petition in the form of a Statement of Qualification and Authority, executed by the City Attorney. The City also requested leave to file additional amendments to the petition if necessary. The garnishment creditors also filed certain documents, including a motion to dismiss for lack of jurisdiction, and a memorandum in support thereof.

In support of its application to release the garnishment, the City presented the testimony of Mr. Meatte, and considerable oral argument by counsel. Mr. Meatte's testimony dealt exclusively with the City Council meeting and the vote on the resolution. All other information was presented by the City's bankruptcy attorney and the City Attorney, or by the garnishment creditors' co-counsel.

The City argued that the garnishment should be released, and the monies made available to pay municipal expenses. As authority for this action, the City referred to Section 362 of Title 11 as it had been applied in the case of *In re Elder*, 12 B.R. 491, 7 B.C.D. 1153 (BK, M.D.Ga., 1981).

No other authority was cited in support of the request to release the garnishment.

The judgment creditors argued that the City has failed to establish its eligibility to file a Chapter 9 petition, and that therefore the Bankruptcy Court lacks jurisdiction to consider the garnishment question. Additionally, the creditors argued that the City has failed to provide a legal or equitable basis for the relief requested. Upon consideration of the entire record, the Court entered the following additional findings and conclusions:

## MOTION TO DISMISS

A municipality may file a petition for the adjustment of its debts if it is a political subdivision or a public agency or instrumentality of a State [11 U.S.C. § 101(29) ], and if it satisfies the other eligibility requirements of 11 U.S.C. § 109(c). Although the City has filed only a petition and a Statement of Qualification, and presented limited testimony in support of its authority to proceed in this case, the Court finds that the record considered as a whole is sufficient to establish the minimal requirements for eligibility to proceed under Chapter 9.[1] Therefore, the debtor's request for additional time to respond to the motion to dismiss will be granted.

## AUTOMATIC STAY

The filing of a Chapter 9 petition operates as an automatic stay of the commencement or continuation of collection activities involving pre-petition debts. 11 U.S.C. §§ 362 and 922. Therefore, any post-petition actions by these creditors in furtherance of the garnishment process is prohibited by Federal law unless relief from the stay is granted by order of the Bankruptcy Court. The automatic stay provisions do not however, provide a statutory basis to permit the Court to set aside

---

1. Although such a preliminary court approval had been required by Rule 9–11 of the Chapter IX Rules of Bankruptcy Procedure, the new rules have not continued this requirement. By its order of April 25, 1983, the United States Supreme Court prescribed that the (new) Bankruptcy Rules supersede all previous Bankruptcy Rules as of August 1, 1983. This order is not inconsistent with other provisions of the Bankruptcy Code such as Section 301, which states that the filing of the petition commences a bankruptcy case, which in turn constitutes an order for relief without further Court consideration, unless a motion to dismiss is filed.

or release the interest created by a transfer resulting from a pre-bankruptcy garnishment proceeding.[2]

The involuntary pre-bankruptcy transfer complained of here may be subject to avoidance and recovery by the municipal debtor pursuant to other sections of the Federal law. For example, Section 547 empowers a debtor to avoid transfers which preferred the transferee over other similar creditors. Recovery under these sections requires an adversary proceeding and a reasonable period of time within which the creditors may prepare a defense to the allegations. At the bankruptcy hearing in this case, the Court announced that if such an adversary complaint were presented, the City would be given a special trial setting on an expedited basis.

## CONTINUED CITY OPERATIONS

■ During the course of the hearing on the application to release the funds on deposit, counsel suggested that the City may hold interests in certain real property which may be available as partial satisfaction of the pre-bankruptcy judgments, or as a source of collateral for post-petition borrowing. Furthermore, it was announced that the City is expected to receive certain credits from the State of Missouri as part of its share of sales tax and other revenue collections.

In view of the possible availability of non-cash assets, the anticipated receipt of revenue distributions, and the potential recovery pursuant to 11 U.S.C. § 547, the Court must conclude that this record has failed to establish the emergency nature of the City's application, such that the garnishment creditors should not be given the opportunity to prepare a defense to an adversary complaint seeking the avoidance of the transfer resulting from the garnishment.

**2.** In *In re Elder, supra,* the Court awarded costs and attorneys fees to the debtor as the result of a finding of a violation of the automatic stay. However, there is nothing in the record in this

## DISCUSSIONS AMONG COUNSEL

■ The Federal law clearly intends to limit intrusion by its Courts into the political and governmental operations of a municipality, notwithstanding the voluntary filing of a Chapter 9 Bankruptcy petition. Article X, Constitution of the United States; 11 U.S.C. §§ 903 and 904; *Collier on Bankruptcy,* 15th Edition, ¶ 900.02, beginning at page 900–10. Consistent with this purpose, the Bankruptcy Code anticipates that a municipality will have attempted to negotiate in good faith with its creditors prior to the filing of a Chapter 9 petition. [See, 11 U.S.C. § 109(c).]

If such pre-petition negotiations are impracticable, the spirit of the law in Chapter 9 encourages early discussions among the parties leading to solicitation of acceptances of a proposed plan. (See, 11 U.S.C. §§ 1125 and 1126.) In the instant case, these discussions will not impose any impediment to the municipality's appeals from the District Court judgments. Therefore, by separate order, the attorneys for the municipal debtor and the attorneys for the garnishment creditors are directed to meet as soon as practicable and discuss the issues in this adjustment case.

municipal adjustment case which suggests that the creditors have acted in violation of the automatic stay.