**In re Rickey Elvis CRUMP and Carolyn Marie Crump, Debtors.**

**Rickey Elvis CRUMP and Carolyn Marie Crump, Plaintiffs,**

**v.**

**TANDY COMPUTER LEASING, INC., a corporation, Defendant.**

**Bankruptcy No. 83–00349(SE).**
**Adv. No. 83–0190(SE).**

United States Bankruptcy Court,
E.D. Missouri,
Southeastern Division.

Oct. 3, 1984.

---

William H. Frye, Cape Girardeau, Mo., for debtors.

Kenneth G. Gibbar, Cape Girardeau, Mo., for defendant.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

Plaintiffs-Debtors (Debtors) seek to recover from Defendant certain amounts, totaling $751.54, which were withheld from their wages just prior to bankruptcy. These withholdings resulted from the service, at the instance of Defendant, of state court garnishment summonses upon the Debtors' employers.

### FACTS

On November 12, 1981, Defendant obtained a state court judgment against Debtors in the principal amount of $5,284.39, plus $1,056.88 in attorney's fees, interest and costs.

On August 12, 1983, Defendant caused a writ of execution to be issued from the state court and, in aid of this execution, had garnishment summonses issued to St. Francis Medical Center and to Schnuck's, the employers of the Debtors. The record does not reflect when these summonses were actually served on these employers; however, St. Francis Medical Center, on September 17, 1983, and Schnuck's on September 18, 1983, commenced withholding amounts from the wages of the Debtors in response to these garnishment summonses. These withholdings continued until November 12, 1983, and November 13, 1983, respectively.

On November 10, 1983, Debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code.

### CONCLUSIONS

Debtors do not articulate clearly the legal bases upon which they seek to recover the monies withheld from their paychecks. However, after considering the facts in the record, the Court concludes that three different sections of the Bankruptcy Code, specifically, sections 362(a)(2), 547(b), and 549(a) afford Debtors their sought-after recovery.

Essentially, the garnishment lien obtained by Defendant on the earnings of the Debtors that accrued prior to 8:30 a.m. on November 10, 1983, and any transfers of funds pursuant to this lien are avoidable as preferential transfers under section 547(b) of the Bankruptcy Code. Defendant was the holder of an antecedent debt prior to the imposition of the garnishment liens. A review of Debtors' asset and exemption schedules reveals the fact that Debtors have no assets subject to administration. While courts have differed on when a garnishment summons actually imposes its lien on the earnings of a debtor, this Court holds to the view that the liens are created, not when the garnishment summons is served, but subsequently when the debtor earns the funds and has a right to receive them. Here, all the withholdings occurred well within the ninety (90) day period immediately preceding the filing for relief hereunder. These garnishment liens were definitely for the benefit of the Defendant and, finally, since there was no evidence to rebut the presumption of Debtors' insolvency under section 547(e)(4) of the Code, the insolvency requirement is met.

Defendant asserts that its claim was actually secured for the entire amount of its debt. Specifically, as the parties have stipulated that, at some time prior to their filing for relief, Debtors owned a house and lot known as Lot 32 in Parkside Subdivision in Cape Girardeau, Missouri. At a time not disclosed in the record, Debtors deeded this property to Milton George and his wife in satisfaction of a promissory note and second deed of trust held by these individuals. The Georges did not and ap-

parently still have not recorded this deed. Defendant contends, by virtue of these occurrences, that it has a judgment lien on this real estate that completely secures its claim.

After reviewing these additional facts, however, the Court concludes that they are insufficient to support Defendant's claim of fully secured status. There is no evidence that Debtors had any equity in this property to which Defendant's judgment lien may have attached or, if so, the amount of such equity. While Debtors may have the overall burden of persuasion in proving the elements of their preference action, in this instance, Defendant has the burden of going forward with evidence on the value of the property in question and on whether its claim is actually fully secured. Debtors have established a *prima facie* case on their preference action and Defendant now has the burden of presenting evidence to negate their case, *Sabatino v. Curtiss National Bank of Miami Springs*, 446 F.2d 1046 (5th Cir.1971).

Further, any garnishment lien which Defendant may have attempted to impose on Debtors' earnings after 8:30 a.m. on November 10, 1983, is certainly void as being in contravention of section 362(a)(2) and is also avoidable under section 549(a) as a post-petition transfer.

Accordingly, Debtors are entitled to judgment against Defendant for the garnished funds. The Trustee herein has filed his abandonment of these funds and, therefore, Debtors have standing under section 522(h) to seek their recovery.

 Debtors have also requested that this Court cite Defendant for contempt for its refusal to turn over the funds in question after the requests of Debtors' counsel. After considering the matters of record before it, the Court finds and concludes that Defendant did violate the provisions of section 362(a)(2) by refusing to turn over the amounts withheld from the paychecks received by the Debtors on November 12th and 13th, 1983. However, Defendant did not violate any stay or other court order in refusing to turn over funds withheld from Debtors' earnings prior to bankruptcy.

These funds represented the bulk of the amounts sought by Debtors and, hence, a contempt citation is not warranted. Therefore, Debtors' prayer for damages and attorney's fees will be denied.

The Court will enter a separate order consistent with this opinion.