**In re David GRAY and Cheryl Gray, Debtor.**

**Bankruptcy No. 88 B 03288.**

United States Bankruptcy Court, N.D. Illinois, E.D.

March 21, 1989.

---

## MEMORANDUM OPINION

JACK B. SCHMETTERER,
Bankruptcy Judge.

The Debtors David Gray and Cheryl Gray ("Debtors") have moved for a finding that certain actions by their creditor, Stephen E. Rich, Jr. ("Rich"), and Rich's attorney, Richard E. Steck ("Steck"), violated the automatic stay under § 362(a)(6) and the post-discharge injunction under § 524(a) of the Bankruptcy Code, 11 U.S.C. §§ 362(a)(6) and 524(a). (Hereafter, unless specified otherwise, all section references are to the Bankruptcy Code.) Debtors request sanctions under § 362(h) and a finding that Rich and Steck have acted in contempt of this Court by violating the post discharge injunction. Steck and Rich cross-move for attorneys' fees under Bankruptcy Rule 9011 complaining of the Debtors' dilatory practice in presenting authority supporting its motion and alleged "harassment" by their motion which is said to be unsupported by authority. For reasons set forth below, both motions are denied.

## UNDISPUTED FACTUAL BACKGROUND

From the pleadings and record of this case, the following undisputed facts are pertinent. On or about July 28, 1987, a judgment was entered against Debtors in the Circuit Court of Cook County, Illinois ("State Court Action"). Rich is the holder of that judgment against Debtors. Rich, through Steck, instituted a garnishment proceeding against David Gray's employer, Alternative Schools Network ("Network") on December 8, 1987.

A wage deduction summons was served on Network on December 10, 1987. Under Illinois law, this wage deduction summons created a lien upon any wages that were due at the time of service and upon wages to become due within the following 56 days.[1] The 56–day period expired on Feb-

Jeffrey Kohan, Zalutsky, Pinski & DiGiacomo, Chicago, Ill., for Debtors.

Richard E. Steck, Steck and Spatoro, Chicago, Ill., for Rich.

---

1. Section 12–808(b) of the Illinois Code of Civil Procedure provides that:

   To the extent of the amount due upon the judgment and costs, the employer shall hold, subject to order of court, any non-exempt wages due or which subsequently come due. The judgment or balance due thereon is a lien

   on wages due at the time of the service of summons, and such lien shall continue as to subsequent earnings until the total amount due upon the judgment and costs is paid or until the expiration of the employer's payroll period ending immediately prior to 56 days after the service of summons, whichever first

ruary 4, 1988, before the filing of Debtors' bankruptcy petition. The summons return date was March 14, 1988.[2]

Prior to the return date of the wage deduction summons, Debtors filed their voluntary petition for relief under Chapter 7 on March 2, 1988. It is undisputed that Rich through Steck received timely notice of the bankruptcy. That notice stated that this is a no-asset case.

Network also received a Notice of Automatic Stay and Restraining Order from Debtors' attorneys advising that "[t]he Debtor's EMPLOYER is restrained from making further deductions from Debtor's wages pursuant to any pending wage assignment, wage deduction order or credit union obligations, including funds to be applied to any savings account. Any funds currently withheld shall be retained by the employer pending receipt of a TURNOVER ORDER or HOLD HARMLESS letter from Debtor's attorneys." Network was not holding any wages pursuant to Rich's wage deduction summons at this time; its Controller reported under oath that "no money was due Plaintiff by the employer prior to the notification of Automatic Stay." (Affidavit of Sylvia Reed, Petition [of Alterna-

tive Schools Network] for Relief from Judgment.) Accordingly, no wages were ever withheld by Network.

On March 14, 1988, (after the bankruptcy filing, but before discharge) a conditional judgment was entered against Network by reason of its failure to file in state court any answer to Rich's wage deduction interrogatories.[3] Rich through Steck subsequently caused issuance of a summons to Network to confirm the judgment against it. The conditional judgment was made final when Network again failed to appear and answer the latter summons on the May 20, 1988, return date.

On June 21, 1988, the discharge order entered herein. Debtors were thereby released from personal liability on the debt to Rich. The order of discharge had the effect under § 524(a) of enjoining all creditors whose debts were discharged from instituting or continuing any action or employing any process or engaging in any act directly or indirectly to collect such debts as personal liabilities of the Debtors. Steck was listed on the matrix of creditors to whom the order of discharge was sent, and he has not denied timely notice of the Debtors' discharge.

occurs, except that such lien on subsequent earnings shall terminate sooner if the employment relationship is terminated or if the underlying judgment is vacated or modified.

2. A return date of March 14, 1988 seemingly controverts the requirement that a summons be returnable "not less than 70 or more than 84 days after the date of issuance." Ill.Rev.Stat. ch. 110, Sec. 12–806 (1989). If the summons was served on December 10, 1988, 95 days would have elapsed before the return date. This unexplained discrepancy is, however, immaterial to the outcome of this case.

The parties here agree that the summons was served before the Debtors' petition in bankruptcy was filed on March 2, 1988. Even assuming a 70–day return period, the shortest permissible under the statute, the lien would extend to wages to become due until March 1, 1988, one day before the bankruptcy petition.

3. Applicable sections of the Illinois Code of Civil Procedure provide as follows:

*Duty of employer*

(c) The employer shall file, on or before the return date, but in no event sooner than 56 days after service of the summons, or within

the further time that the court for cause may allow, a written answer under oath to the interrogatories, setting forth the amount due as wages to the judgment debtor for the payroll periods ending immediately prior to 56 days after the service of the summons.

Ill.Rev.Stat. ch. 110, Sec. 12–808(c) (1989).

*Failure of employer to appear*

(a) If an employer fails to appear and answer as required by Part 8 of Article XII of this Act, the court may enter a conditional judgment against the employer for the amount due upon the judgment against the judgment debtor. A summons to confirm the conditional judgment may issue against the employer returnable not less than 10 nor more than 20 days after the date of issuance, commanding the employer to show cause why the judgment should not be made final. If the employer, after being served with summons to confirm the conditional judgment or after being notified as provided in subsection (b) hereof, fails to appear and answer, the court shall confirm such judgment to the amount of the judgment against the judgment debtor and award costs. If the employer appears and answers, the same proceedings may be had as in other cases.

Ill.Rev.Stat. ch. 110, Sec. 12–807(a) (1989).

Debtors contend that beginning on July 27, 1988 (after discharge), Steck attempted to collect on the judgment against Network. Steck admits that he caused citation proceedings to be instituted in the State Court Action against Network on or about August 24, 1988. On September 29, 1988, Network filed in the State Court a petition for relief from the judgment entered against it on May 20, 1987. That petition alleged, among other things, that Network's reliance on the automatic stay excused its failure to respond in the earlier wage deduction proceedings.

On October 7, 1988, attorneys for the Debtor filed a Petition for Contempt with this Court. That petition alleged details of Steck's collection efforts against Network and requested, among other relief, that Steck be enjoined from proceeding in any manner upon Rich's judgment against Debtor. On December 8, 1988, this Court struck the petition for failure of Debtor's counsel to comply with this Court's order setting a briefing schedule and requiring additional submission of authority.

On December 15, 1988, the State Court, in the citation proceedings, denied Network's motion to vacate the judgment order of May 20, 1988. The State Court also ordered that there be turned over to Rich through Steck the sum of $1,244.50, which had earlier been deposited by Network from its own funds with the Clerk of the State Court.

On December 22, 1988, Debtors filed before this Court a motion for reconsideration of their stricken Petition for Contempt. Attached to the revised petition was the legal authority relied on as previously ordered by this Court. As in the earlier petition, Debtors seek a finding that Steck acted in contempt of court for violating § 362 and "§ 727(b)." The Court treats the latter assertion under § 524(a), not § 727(b).[4]

To support their contention that Steck acted in contempt, Debtors cite what appears to be the only reported case wherein a bankruptcy court considered a garnishment judgment against an employer that had not withheld wages. *University of Alabama Hospitals, Diagnostic Radiology Professional Services (In re Warren)*, 7 B.R. 201 (Bankr.N.D.Ala.1980). In *Warren*, the creditor had obtained a final judgment against the debtor's employer prior to the bankruptcy petition. Concurrently with the filing of the bankruptcy petition, the debtor moved for release of the garnishment. The court found that collection on the garnishment would violate the postdischarge injunction, since the employer would in all likelihood either deduct the amount of the debt from the debtor's wages or fire the employee. This was viewed by the *Warren* court as an indirect collection of a discharged debt from postpetition property. Accordingly, the creditor there was enjoined from proceeding against the employer on threat of future contempt for disobedience of that order.

Although the type of pressure on a debtor-employee apprehended in *Warren* may also be apprehended in this case, Debtor has not alleged or demonstrated any such pressure or injury. Also, the creditor here has already been paid by the employer, raising a question as to whether the issue is now moot. At least one court denied relief where a debtor did not make a timely protest regarding an asserted violation of the stay, *Greer v. Perry County, Illinois (In re Greer)*, 89 B.R. 757, 760 (Bankr.S.D. Ill.1988), a ground for denial present here even if the decisive ground for denial discussed below were not present.

Network has not appeared through counsel or otherwise in this matter.

I. ALLEGED WILLFUL VIOLATION OF THE AUTOMATIC STAY AND THE § 524(a) INJUNCTION

Debtors maintain that Steck violated the automatic stay in taking a conditional judg-

---

**4.** Debtors characterize their grounds for grievance as stemming from a violation of §§ 362(a)(6) and 727(b). The Court will treat the request for relief under § 727(b) as one for relief under § 524(a). Sec. 727(b) describes the effect of discharge in bankruptcy, it does not provide a basis for relief from actions taken in violation of injunctive effect of the discharge provided in § 524(a)(2).

ment and later a final judgment against Network while knowing of Debtors' bankruptcy. They also maintain that he violated the discharge injunction under § 524(a) by bringing a citation proceeding against the employer to collect the judgment. To further support their contention that Steck acted in willful disregard of bankruptcy court process, Debtors note that Steck did not seek modification of the automatic stay, nor did he object to dischargeability of the debt owed to Rich.

a. *Where a debtor's employer holds back wages pursuant to a wage deduction summons, pursuing the employer to collect such moneys after bankruptcy is filed violates the automatic stay and discharge injunction.*

■ Where a wage deduction or garnishment process [5] has commenced prior to the filing of a bankruptcy petition, most bankruptcy authorities have ruled that continuation of the garnishment process violates the automatic stay. *E.g., Pody v. Pody (In re Pody)*, 42 B.R. 570, 572 (Bankr.N.D.Ala. 1984); *Crump v. Tandy Computer Leasing (In re Crump)*, 42 B.R. 636, 638 (Bankr.E.D.Mo.1984); *In re City of Wellston*, 42 B.R. 282, 284 (Bankr.E.D.Mo. 1984). The same authority supports finding of violation of the discharge injunction where the creditor's efforts continued after entry of discharge. Those holdings reason that a debtor's interest in garnished property of debtor is not extinguished until the garnishment process is complete. *See White v. Stephens (In re Stephens*, 43 B.R. 97, 99 (Bankr.N.D.Ala.1984). Although the property is subject to the creditor's lien under state law, it may be claimed for the estate by the trustee. *See, e.g., In re Carlsen*, 63 B.R. 706, 710 (Bankr.C.D.Cal.1986) (prepetition tax levy). The debtor may also move to exempt the property. *Bryant v. General Electric Credit Corp.*, 58 B.R. 144, 146 (N.D.Ill.1986); *Nealis v. Ford Mo-*

*tor Credit Co. (In re Nealis)*, 52 B.R. 329, 33 (Bankr.N.D.Ill.1985).

A number of courts have found creditors to have an affirmative obligation to terminate or stay garnishment proceedings upon learning of the judgment debtor's bankruptcy. *E.g., Dubin v. Jakobowski (In re Stephen W. Grosse, P.C.*, 84 B.R. 377, 384 (Bankr.E.D.Pa.1988); *Elder v. City of Thomasville, Georgia (In re Elder)*, 12 B.R. 491, 495 (Bankr.M.D.Ga.1981) ("If not dismissal, then creditor should stay garnishment by advising the state court personnel and the garnishee that until further notice by reason of the automatic stay funds withheld by garnishee or on hand with the court should be surrendered to the debtor and that garnishee should not withhold any further sums and the state court should receive no further sums"); *Mitchell v. Quality Plant Service, Inc. (In re Mitchell)*, 66 B.R. 73 (Bankr.S.D.Ohio 1986); *Baum v. United Virginia Bank (In re Baum)*, 15 B.R. 538, 541 (Bankr.E.D.Va. 1981) ("It is the creditor's responsibility to stop the downhill snowballing of a continuing garnishment."); *contra Flournoy v. Pate (In re Antley)*, 18 B.R. 207 (Bankr.M. D.Ga.1982) (withholding had been completed prepetition and debtor took no steps under state law with respect to funds).

Inaction by the creditor may violate the stay if, as a consequence, property is actually transferred to the creditor. *In re Zunich*, 88 B.R. 721, 725 (Bankr.W.D.Pa.1988) (failure to return funds paid over by garnishee bank after bankruptcy petition); *similarly In re Hellums*, 772 F.2d 379, 381 (7th Cir.1985) (automatic wage assignments continued to be applied to prepetition loan). Where the creditor does not dismiss the garnishment proceeding, the critical question is whether the creditor's inaction is an attempt to complete the garnishment proceeding or a precaution against waiver of the creditor's rights in case the bankruptcy is dismissed. *See Ameron Protective Coatings Division v. Georgia Steel, Inc.*

---

**5.** Under Illinois law, the process of garnishing an employee's wages is called a wage deduction proceeding. The term garnishment is used in referring to the process wherein the judgment creditor attaches property other than wages.

For purposes of simplicity, and in view of the fact that other jurisdictions still refer to a wage garnishment, the term "garnishment," as used in this memorandum, includes wage deductions.

*(In re Georgia Steel, Inc.)*, 25 B.R. 781, 786 (Bankr.M.D.Ga.1982).

By way of summary, then, the foregoing cases indicate a general rule that continuation of a garnishment proceeding against a debtor in an effort to bring about wage deductions and payment of debtor's wages that have been withheld to the creditor violates the automatic stay (and also the discharge injunction if those acts continue after the discharge).

b. *Under Illinois law, a debtor retains an interest in garnished wages until entry of a wage deduction order.*

Steck and Rich take the position under Illinois law that the taking of conditional and then final judgment against the employer for its failure to respond to the garnishment interrogatories and summons to confirm conditional judgment, and later efforts to collect from the employer, were not proceedings against the Debtor barred by § 362 and § 524(a)(2).

Under Illinois law, the wage deduction order, entered after the employer's answer and any trial on the truth or sufficiency of the answer, terminates the debtor's interest in withheld wages. *Bryant v. General Electric Credit Corp.*, 58 B.R. at 146. Prior to the wage deduction order, the employer holds the withheld wages as a mere stakeholder, with no property interest in the funds. The employer is discharged from its obligation when it has paid, delivered or accounted for withheld wages.[6]

When a bankruptcy petition is filed by the employee before the garnishment summons return date, continuation of the garnishment proceeding usually affects property of the estate, the debtor's wages. In order to avoid liability for violating the automatic stay, authority previously discussed shows that the creditor must then dismiss or stay the garnishment proceedings. As a result, few such cases reach the point of entry of conditional judgment, and even fewer reach the entry of judgment against the employer or efforts to collect.

However, when the employer fails to answer the garnishment interrogatories as in this case, a conditional judgment and then final judgment may under Illinois law be entered against the employer.[7] The employer is deemed to have admitted that it withholds the wages upon which the creditor claims a lien, even if no wages were withheld. Entry of a conditional judgment creates a personal liability of the garnishee-employer. *Stewart v. EGNEP (PTY) Limited*, 581 F.Supp. 788, 790 (C.D. Ill.1983). This is a new and independent cause of action against the employer, not an order to turn over assets of the judgment debtor. *Id.* Steck maintains that he did not proceed against property of the estate. Indeed, there was no action here against property of the estate because the Debtor's wages were not withheld in the first place.

It is true that in enacting § 362(a)(6), "Congress broadly sought to prevent creditors 'from attempting *in any way* to collect a prepetition debt.'" *In re Hellums*, 772 F.2d 379 (emphasis in the original). Attempts to collect a scheduled debt in another forum are impermissible. *See Illinois Department of Public Aid v. Ellis (In re Ellis)*, 66 B.R. 821, 823 (N.D.Ill.) (Gra-

---

**6.** Applicable portions of the Illinois Code of Civil Procedure provide as follows:

*Trial and judgment*

(a) The judgment creditor may contest the truth or sufficiency of the employer's answer and the court shall immediately, unless for good cause the hearing is postponed, proceed to try the issues. The answer of the employer may be contested without further pleading.

(b) The trial shall be conducted as in other civil cases.

(c) If the finding is against an employer, a deduction order shall be entered against the employer and in favor of the judgment debtor to whom the employer is indebted, in the same manner as if the facts are admitted. Ill.Rev.Stat. ch. 110, Sec. 12–811 (1989).

*Effect of order*

A deduction order against an employer shall be enforceable as in other civil cases and shall discharge the employer of all claims by the judgment debtor for the indebtedness paid, delivered or accounted for by the employer by virtue of the order. The discharge of an employer is no bar to an action by the judgment debtor for the same claim. Ill.Rev.Stat. ch. 110, Sec. 12–812 (1989).

**7.** *See* note 3, *supra.*

dy, J.); *Allied Technology, Inc. v. R.B. Brunemann & Sons, Inc. (In re Allied Technology, Inc.)*, 25 B.R. 484, 501 (Bankr. S.D.Ohio 1982).

▮ Where there is uncertainty regarding the appropriate action with respect to a debt, the creditor should seek an adjudication in the bankruptcy court. *Burley v. American Gas & Oil Investors (In re Heafitz)*, 85 B.R. 274, 281 (Bankr.S.D.N.Y. 1988). The creditor's violation of stay or injunction may be willful even if the creditor believed itself justified in taking an action found to be violative of the stay. *Tel–a–Communications Consultants, Inc. v. Auto–Use (In re Tel–a–Communications, Inc.*, 50 B.R. 250, 254 (Bankr.D. Conn.1985). A creditor takes a calculated risk, under threat of contempt of § 524 or sanctions under the § 362 automatic stay where it undertakes to make its own determination of what the stay or discharge in bankruptcy means. *In re Batla*, 12 B.R. 397, 400 (Bankr.N.D.Ga.1981) (*citing McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 192–193, 69 S.Ct. 497, 500, 93 L.Ed. 599 (1949)).

Accordingly, Rich and Steck acted at their peril without obtaining a ruling from this Court first. But they acted correctly, not in violation of § 362 or § 524(a).

c. *Where a garnishee has not withheld property or responded to garnishment process, payment of the judgment against it does not affect property of the estate.*

▮ Rich cites a Louisiana case for the proposition that the automatic stay does not prevent a judgment creditor from proceeding against the employer of a bankrupt debtor. *Morris Lake & Son v. Strickland*, 55 So.2d 51 (La.App.1951). In *Morris Lake* the garnishee employer did not withhold its employee's wages and did not answer garnishment interrogatories. As a consequence, under Louisiana law the employer became liable to the judgment creditor for the amount of the judgment against the employee. *Id.* at 54. The Louisiana Court of Appeal was not swayed by the argument that, because the employer had not with-

held its employee's wages (the wages thereby becoming property of the estate and potentially distributable to creditors), this creditor would receive more than its fair share of the debtor's property. *Id.* at 53.

In reaching its conclusion, *Morris Lake* relied on another state court case involving the same situation under state garnishment law. *Morris Plan Bank of Georgia v. Simmons*, 201 Ga. 157, 39 S.E.2d 166 (1946). In *Morris Plan Bank*, the Georgia Supreme Court held that a judgment creditor's garnishment lien is not dissolved merely because the underlying indebtedness of the judgment debtor is discharged in bankruptcy. *Id.* 39 S.E.2d at 174. The lien arising upon the employer's failure to respond could only be dissolved by the trustee in bankruptcy for the benefit of creditors or by some other person having a right to do so under the Bankruptcy Act. *Id.* Since the debtor was not complaining (very possibly because the debtor had already received the wages that otherwise would have been garnished), the court refused to vacate the default judgment against the garnishee.

Movant cites only one case for authority that even if Debtor's employer did not withhold wages, as here, pursuing the garnishment against the employer violates the stay and injunction. *University of Alabama Hospitals, etc. (In re Warren)*, 7 B.R. 201 (Bankr.N.D.Ala.1980). The *Warren* court believed that such action would bring about pressure on the debtor to repay his employer's loss on threat of discharge. No such employer pressure on the Debtor-employee or threat to him was alleged or demonstrated here.

Authority has found a stay violation where a creditor took conditional judgment upon a garnishee's failure to respond to garnishment interrogatories. *O'Connor v. Methodist Hospital of Jonesboro, Inc. (In re O'Connor)*, 42 B.R. 390, 392 (Bankr.E.D. Ark.1984). One basis for the *O'Connor* court's conclusion was its reasoning that a conditional judgment is "simply an indirect proceeding or act to collect, assess, and recover a claim against the debtor." *Id.*

However this Court does not find *O'Connor* applicable here where the obtaining of conditional judgment did not relate to withholding of any wages from the debtor.

Here it is clear that the employer was ill-advised to ignore the garnishment because it assumed that the bankruptcy filing would stop the process. To be sure, the employer could not withhold wages after the bankruptcy was filed. However, nothing prevented it from filing its answer to garnishment interrogatories, or from reporting either that no wages were withheld, or that nothing could be withheld due to the bankruptcy filing. *Elder v. City of Thomasville (In re Elder)*, 12 B.R. 491, 495 (Bankr.M.D.Ga.1981) ("... by reason of the automatic stay funds withheld by garnishee or on hand with the court should be surrendered to the debtor and the garnishee should not withhold any further sums and the state court should receive no further sums.") Nor was the employer Network prevented from contesting the entry of final judgment when summons to confirm conditional judgment was served on it. Again it could have sought to avoid the problem by informing the state court of the bankruptcy stay which prevented it from withholding. But instead it remained silent until after final judgment was entered against it, and the state court subsequently enforced that final judgment. In doing so, only the employer's liability under state law and its funds were affected, not the employee's wages or property of the estate.

The long and the short of this case is that no property of the estate or Debtor is involved here, and the outcome does not directly or indirectly affect this case or the Debtor's moneys or his discharge rights. Therefore, this Court lacks either core or related jurisdiction over the moneys withheld, and finds no direct or indirect violation of § 362 or § 524(a). Accordingly, the relief requested by Debtor must be denied.

## II. RESPONDENT'S RULE 9011 MOTION

■ Respondents seek sanctions under Bankr.R. 9011 for allegedly being harassed by Debtor and his counsel proceeding in this court without sufficient authority to support their position. While the omission of Debtor's counsel to file a timely brief lead to his initial motion being stricken, that did not cause any harm to respondents but merely facilitated their collection from the employer, once the motion here was stricken. Because movant did have some authority in point to support their position, albeit authority not followed by this Court, the effort was "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law...." Bankr.R. 9011(a). Therefore, the motion for sanctions under Bankr.R. 9011 must be denied.