216 B.R. 303 (1998)
In re Robert CARRIGG.
STMIMA CORPORATION, Appellant,
v.
Robert CARRIGG, Appellee.
BAP No. MB 97-015.
United States Bankruptcy Appellate Panel of the First Circuit.
January 9, 1998.
Brian P. Shea, Lowell, MA, on brief, for appellant.
George C. Malonis, Dracut, MA, on brief, for appellee.
Before: VOTOLATO, Chief Judge, and deJESUS and HAINES, Bankruptcy Judges.
VOTOLATO, Chief Judge.
STMIMA Corporation ("STMIMA") appeals from an order entered on February 24, 1997 by the United States Bankruptcy Court for the District of Massachusetts, wherein sanctions were imposed against plaintiff's counsel in the amount of $1,000 under 11 *304 U.S.C. § 362(h), for wilfully violating the automatic stay. For the reasons given and as discussed herein, the order of the Bankruptcy Court is affirmed.

FACTS
The material facts, as stipulated or as determined by the bankruptcy court, are as follows: On or about November 1, 1994, Robert Carrigg purchased a 1986 Ford pickup truck from STMIMA, and STMIMA agreed to provide financing for the transaction, up to $6,700. Carrigg signed a promissory note for that amount and agreed to maintain insurance on the vehicle and to list STMIMA as first lienholder on the certificate of title. Carrigg defaulted under the note by: (1) failing to make payments as required; and (2) failing to list STMIMA as the lienholder on the title certificate. In May 1995, STMIMA filed suit in the Lowell District Court, and on May 23, 1996, obtained judgment against Carrigg in the amount of $7,600, plus interest, fees and costs. On July 8, 1996, Carrigg filed a petition under Chapter 7 of the Bankruptcy Code.
On July 9, 1996, not knowing that Carrigg had filed for bankruptcy the previous day, STMIMA applied to the Massachusetts Registry of Motor Vehicles for a "repossession title" for the truck, and on August 8, obtained a title certificate to the vehicle.[1] On August 24, 1996, STMIMA filed a motion for relief from stay, which was denied on October 8, 1996, on the ground that STMIMA did not hold a valid security interest, i.e., as of the date Carrigg filed his petition STMIMA did not appear as lienholder on the certificate of title. Importantly for our purposes, STMIMA did not appeal this ruling.
Thereafter, STMIMA filed a complaint to have its debt determined nondischargeable under § 523 of the Bankruptcy Code. On December 19, 1996, the bankruptcy court granted a motion to dismiss the complaint as untimely. On February 19, 1997, after requesting informally, but unsuccessfully, to have STMIMA transfer title back to him, Carrigg filed a complaint to compel STMIMA to reinstate his title to the truck.[2] A hearing on the complaint was scheduled for February 24, 1997, and STMIMA was given notice of the hearing, by facsimile, on February 19, 1997.
At the hearing the bankruptcy judge inquired of STMIMA's attorney whether he would voluntarily reassign the title to the Debtor. The attorney replied "I'd rather not do that, Judge. I believe they can obtain title on their own if that's what they want to do." Transcript, February 24, 1997, at 4. The bankruptcy judge then ruled as follows:
Based upon your response, I find that the creditor has violated the automatic stay. This is an individual case, and therefore sanctions are appropriate pursuant to Section 362(h). Your refusal today to voluntarily reassign title to the debtor is a further violation of the automatic stay, which calls for sanctions, and the creditor is sanctioned the sum of $1,000. The Court hereby orders title transferred to the debtor forthwith.
Transcript, February 24, 1997, at 4. It is this Order that STMIMA asks the Panel to review.

DISCUSSION
The bankruptcy court's application of the law is reviewed de novo and findings of fact will be overturned only if they are clearly erroneous. Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir.1995); In re SPM Mfg. Corp., 984 F.2d 1305, 1311 (1st Cir.1993).
Section 362(h) of the Bankruptcy Code provides that: "An individual injured by any wilful violation of a stay provided by the section shall recover actual damages, including costs and attorney's fees, and in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h) (emphasis added). Also, and totally consistent with the bankruptcy judge's rulings, a violation of the *305 automatic stay, § 362(a)(3),[3] occurs when a creditor continues to hold property of the estate post-petition, even where the initial pre-petition retention was lawful. Knaus v. Concordia Lumber Co., Inc. (In re Knaus), 889 F.2d 773, 774 (8th Cir.1989); Putnam v. Rymes Heating Oils, Inc. (In re Putnam), 167 B.R. 737, 740 (Bankr.D.N.H.1994); Abrams v. Southwest Leasing & Rental, Inc. (In re Abrams), 127 B.R. 239, 242 (9th Cir. BAP 1991). In addition, the creditor's refusal to voluntarily turn over property of the estate to the debtor after it had notice of the bankruptcy constitutes yet another wilful violation of the stay. See In re Johnson, 138 B.R. 352, 354 (Bankr.D.R.I.1992) ("wilfulness" is established if the violator is aware of the stay and if its post-petition actions were intentional); Abrams, 127 B.R. at 242-43 (§ 362(h) provides the remedy for failure to turn over property of the estate pursuant to § 542).
As the facts demonstrate, and as the bankruptcy judge correctly found: the vehicle in question clearly was property of the estate as defined by 11 U.S.C. § 541(a)(1);[4] as of February 24, 1997, STMIMA had knowledge of the bankruptcy; and its refusal to reassign the title was intentional.[5] Based on the record, the bankruptcy judge acted well within her discretion in finding a wilful violation of the automatic stay.
Nevertheless, in this appeal STMIMA wishes a second chance to argue that it is a secured creditor and that, as such, its post-petition activities were within the bounds of reasonableness. That argument however, is no longer available because the bankruptcy court's October 8, 1996 finding that STMIMA was an unsecured creditor went unchallenged, and therefore is res judicata and not reviewable. See Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 414-15, 66 L.Ed.2d 308 (1980) ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action"); Melon Produce, Inc. v. Braunstein, 112 F.3d 1232, 1240 (1st Cir.1997).
As an unsecured creditor in a pending bankruptcy case STMIMA had no authority to invest itself with title to the truck. When it continued to maintain that untenable position, notwithstanding the court's foretelling February 24 inquiry, it committed a second violation of the automatic stay. By that time, STMIMA was clearly "asking for it."
STMIMA also complains that notice of the hearing was insufficient because it provided only six days' notice, as opposed to "seven days as required by the applicable Rules of Procedure." See Appellant's Brief at p. 6. Because: (1) we are unfamiliar with the appellant's unsupported reference to the "seven days" rule; and (2) the appellant failed to raise a notice issue at the bankruptcy court level, we may not entertain that argument for the first time here. See McCoy v. Massachusetts Institute of Technology, 950 F.2d, 13, 22 (1st Cir.1991), cert. denied, 504 U.S. 910, 112 S.Ct. 1939, 118 L.Ed.2d 545 (1992); Jeffrey v. Desmond, 70 F.3d at 185 n. 5.
Finally, while it is unclear whether the appellant challenges the amount of the sanction, the $1,000 award is amply supported by the record and is really quite conservative, in light of the plaintiff's actual damages.[6]
*306 For the foregoing reasons, and because the bankruptcy judge clearly did not abuse her discretion, the February 24, 1997 order appealed from is AFFIRMED. For prosecuting this meritless litigation, the debtor is also awarded the additional fees and costs required to oppose it.[7] If the parties are unable to agree as to this item, the bankruptcy judge is directed, after notice and hearing, to make the determination.
SO ORDERED.
NOTES
[1] While it is not clear from the record, it appears that this transfer of title was accomplished pursuant to M.G.L. ch. 90D § 17.
[2] STMIMA had placed the truck in storage, and the custodian refused to release the vehicle to the debtor because STMIMA then appeared as the owner of record.
[3] 11 U.S.C. § 362(a)(3) provides:

Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of 
(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; . . .
[4] 11 U.S.C. § 541(a)(1) provides in pertinent part:

The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
(1) . . . all legal or equitable interests of the debtor in property as of the commencement of the case.
[5] Counsel for STMIMA expressly declined to transfer title back to the debtor, and suggested that the debtor should reacquire the title on his own.
[6] As a result of the appellant's continuing stay violation, the debtor was forced to incur: attorney fees to reacquire title to the vehicle; storage charges; registry fees to transfer title back to himself; and litigation costs and expenses.
[7] Remarkably, at oral argument, STMIMA's counsel expressed his belief that our reversal of the bankruptcy court's order would somehow provide his client the opportunity to litigate anew the question whether, as of the petition date, it held a valid security interest in the debtor's truck.