In re Joe BROWN and Mary Brown, Debtors.

Joe Brown and Mary Brown, Plaintiffs,

v.

Town & Country Sales and Service, Inc. T/A Town & Country Associates, Inc., Defendants.

Bankruptcy No. 99–30780–T.
Adversary No. 99–3023–T.

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division

June 22, 1999.

Charles H. Krumbein, George Cherry, Krumbein & Associates, Richmond, VA, for Debtors.

Sandra W. Jacobs, Sandston, VA, Registered Agent, for Town & Country.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Chief Judge.

On May 10, 1999, the court held trial on the debtors' complaint for turnover of property and sanctions against Town & Country Sales and Service, Inc., t/a Town & Country Associates, Inc. (Town & Country). Ruling from the bench, the court ordered immediate turnover of the debtors' 1977 Ford Truck and took under advisement the issue of debtors' attorney's fees and sanctions. On May 10, 1999, the court entered a separate order for turnover of the debtor's vehicle. For the reasons stated in this memorandum opinion the court will enter judgment against Town & Country in the amount of $2,000.00 for debtor's attorney fees, plus punitive damages to be satisfied by the cancellation of Town & Country's security interest in the debtor's 1977 Ford truck and its replacement motor.

### Findings of Fact

The debtors' purchased a 1997 Ford F-150 pick-up truck from Town & Country on October 30, 1997. The purchase agreement addendum states:

Town and Country reserves the right to repossess the vehicle sold to you without any further notice· should any of the following conditions occur during the term of your account. . . .

4. If you take [sic] bankruptcy—chapter 7 or 13—we will repossess your vehicle unless you reassign your contract.

The debtors agreed to pay $155.04 over 30 months for a total purchase price of $3,245.00 for the 1977 Ford truck.

The debtors fell behind on their monthly payments, and on January 20, 1998, Town & Country repossessed the debtors' truck. On January 21, 1998, Town & Country sent the debtors a letter which states in pertinent part,

[w]e would like to notify you that we do not accept chapter 13 bankruptcy, plus you signed an agreement that if and when you decided to file bankruptcy, we have the legal right to pick up our merchandise.

The debtors and Town & Country eventually came to a payment agreement and Town & Country returned the truck to the debtors.

In August 1998 the truck's motor stopped working. Town & Country agreed to replace the motor for $500.00 down and $30.00 every other week. Town & Country replaced the motor and returned the truck to the debtors in December 1998, after the debtors paid the full $500.00 down payment; $1,764.95 remains due on the truck motor.

On February 4, 1999, the debtors filed this chapter 13 case. On February 3, 1999, just prior to the debtors' filing bankruptcy, Town & Country repossessed their truck. The debtors' attorney notified Town & Country of the chapter 13 filing, provided proof of adequate insurance, and demanded that the vehicle be returned. Town & Country refused to return the vehicle. At the time of trial the creditor was continuing to refuse to return the vehicle unless the debtors repaid their debt to Town & Country in full.

The debtors' modified chapter 13 plan provides full payment to Town & Country over the course of the first 48 months of the plan.[1]

---

1. The IRS has objected to confirmation of the debtors' amended plan. The court held initial hearing on the IRS objection on May 19, 1999, at which time the hearing was continued to June 21, 1999. At hearing, on June 21, 1999, the IRS withdrew their objection to the debtors' plan. Town & Country has not objected to the debtors' treatment of Town & Country's claim in either the initial or the amended chapter 13 plan.

At trial, Ms. Sandra Jacobs, Town & Country's registered agent, testified that although Town & Country elected to proceed unrepresented in this case, the company had obtained bankruptcy advice in the past.[2] Ms. Jacobs testified that she was aware of the automatic stay imposed by 11 U.S.C. § 362 and that violation of the stay could result in court sanctions. The debtors' attorney also had explained to Town & Country the ramifications of stay violation.

Despite the fact that they had always returned repossessed property post-petition in the past, Town & Country elected not to return the debtors' vehicle. Instead, Ms. Jacobs testified, this time Town & Country decided it would not return the debtors' vehicle upon demand because, in sum, Town & Country was unhappy that a large number of its customers had declared bankruptcy in the past year.

The debtors have provided Town & Country with proof of adequate insurance and are currently waiting confirmation of their modified chapter 13 plan in which the debtors propose to pay Town & Country in full.[3] The debtors currently owe Town & Country $1,689.02 for the initial truck loan

and $1,764.95 for the replacement motor for a total of $3,453.97.

On May 17, 1999, the debtors' attorney submitted a statement for fees and costs incurred in the present litigation with Town & Country. In total, the debtors' attorney has charged $2,467.00 in fees and expenses.

### Conclusions of Law

#### Application of the Automatic Stay

■ The first question is whether Town & Country had an affirmative duty to return the truck repossessed prepetition to the debtor. On this issue the courts are in disagreement. A majority of courts have held that a debtor is entitled to the return of a vehicle post-petition simply upon filing a bankruptcy case.[4] The trend and growing minority, however, has held that a creditor does not have an affirmative duty to return property seized prepetition but instead that the debtor must first provide the creditor with adequate protection.[5]

Bankruptcy Code section 362 imposes an automatic stay on actions of creditors to satisfy their claims against debtors; it also prohibits the "exercise [of] control over

---

2. At the pre-trial conference held April 28, 1999, Ms. Jacobs informed the court that the company would not hire an attorney to represent Town & Country. At that time the court urged Ms. Jacobs to employ counsel for Town & Country and informed her that a corporation could not proceed on a pro se basis. Despite the court's efforts, Town & Country was not represented at trial. Ms. Jacobs, however, was permitted to testify on the company's behalf.

3. The debtors' plan treats Town & Country's claim as fully secured despite Ms. Jacob's testimony that the truck has zero N.A.D.A. value.

4. See California Employment Dev. Dept. v. Taxel (In re Del Mission Ltd.), 98 F.3d 1147, 1151 (9th Cir.1996); Knaus v. Concordia Lumber Co., Inc. (In re Knaus), 889 F.2d 773, 775 (8th Cir.1989); Stmima Corp. v. Carrigg (In re Carrigg), 216 B.R. 303, 305 (1st Cir. BAP 1998); Abrams v. Southwest Leasing & Rental Inc. (In re Abrams), 127 B.R. 239, 241–43 (9th Cir. BAP 1991); Carr v. Security Sav. & Loan Assoc., 130 B.R. 434, 438 (D.N.J.

1991); In re Sharon, 200 B.R. 181, 187 (Bankr.S.D.Ohio 1996), aff'd, 234 B.R. 676 (6th Cir. BAP 1999); In re Belcher, 189 B.R. 16, 18 (Bankr.S.D.Fla.1995); Brooks v. World Omni (In re Brooks), 207 B.R. 738, 741 (Bankr.N.D.Fla.1997).

5. See Gouveia v. IRS (In re Quality Health Care), 215 B.R. 543, 572–78 (Bankr.N.D.Ind. 1997), appeal denied, remanded, 228 B.R. 412 (N.D.Ind.1998); Brown v. Joe Addison, Inc. (In Matter of Brown), 210 B.R. 878, 884 (Bankr.S.D.Ga.1997); Massey v. Chrysler Fin. Corp. (In re Massey), 210 B.R. 693, 696 (Bankr.D.Md.1997); In re Young, 193 B.R. 620, 621 (Bankr.D.Dist.Col.1996); Deiss v. Southwest Recovery (In re Deiss), 166 B.R. 92, 94 (Bankr.S.D.Tex.1994); In re Richardson, 135 B.R. 256, 259 (Bankr.E.D.Tex.1992). Cf. Citizens Bank of Md. v. Strumpf, 516 U.S. 16, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995) (holding a pre-petition administrative freeze on a bank account does not constitute a violation of stay).

property of the estate." 11 U.S.C. § 362(a)(3). The courts are split as to whether a creditor who continues to hold property post-petition that was lawfully repossessed pre-petition "exercises control" over property of the estate and thus whether there is a duty to turnover property upon the filing of a bankruptcy petition. *See supra* notes 2–3. The majority of courts have concluded that mere postpetition possession equals an exercise of control. *See, e.g., In re Knaus,* 889 F.2d at 775. Not surprisingly, the minority position concludes the opposite. *See, e.g., In re Young,* 193 B.R. at 623–25.

This court has not made a definitive ruling between the majority and minority views. Because the creditor's actions in this case would create a violation of the automatic stay under either approach, the court need not elect between the two at this time.

Under the modern trend approach espoused by *In re Young,* Town & Country did not have an initial duty to return the vehicle to the debtors but rather was entitled to maintain the status quo until provided adequate protection for its property interest. *See, e.g., In re Young,* 193 B.R. at 628. Town & Country has made it clear to the court that its officers intended to disregard bankruptcy code requirements by refusing to turnover the debtors' vehicle absent full payment. Town & Country did not seek relief from stay to pursue their state court remedies, nor would they have accepted adequate assurances from the debtor. The creditor does not ask for adequate protection. Thus the debtors, having provided in their plan for full payment of the creditor's security and shown proof of insurance, were entitled to turnover of their truck.

The court concludes that Town & Country's demand for full payment, coupled with its inaction and retention of the vehi-

cle amount to an "exercise [of] control" sufficient to find a violation of the automatic stay for failure to turnover the vehicle pursuant to 11 U.S.C. § 542(a). *Cf. In re Young,* 193 B.R. at 628 ("An immediate turnover ought not be required in cases in which the creditor presents a non-frivolous defense, a lack of adequate protection, ...").

Following the majority approach, the debtors were entitled to recover the truck upon filing bankruptcy. Thus, Town & Country's retention of the vehicle post-petition constituted an "exercise [of] control" in violation of the automatic stay. *See* 11 U.S.C. § 362.

The debtors, therefore, are entitled to turnover of the truck under either majority or minority approach. Furthermore, Town & Country's conduct amounts to a violation of the automatic stay under either approach. The court entered an order requiring turnover on May 10, 1999.

*Violation of the Automatic Stay—Section 362(h)*

*Attorney's fees and costs*

Section 362(h) permits a court to impose attorney's fees, costs and punitive damages for a willful violation of the automatic stay. *See* 11 U.S.C. § 362(h).[6]

A willful violation of the automatic stay occurs where the creditor is aware of the automatic stay and acts intentionally. *See Citizens Bank of Md. v. Strumpf (In re Strumpf),* 37 F.3d 155, 159 (4th Cir.1994), *rev'd other grounds,* 516 U.S. 16, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995); *Budget Serv. Co. v. Better Homes of Va.,* 804 F.2d 289, 292–93 (4th Cir.1986); *In re Manuel,* 212 B.R. 517, 519 (Bankr.E.D.Va. 1997). A creditor's actions against property of the estate may be construed as willful even if the creditor believes itself to be justified in its actions. *See In re Sharon,*

---

6. 11 U.S.C. § 362(h) provides:

"An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

200 B.R. at 200; *In re Gray,* 97 B.R. 930, 936 (Bankr.N.D.Ill.1989).[7]

▪ At trial, an officer of Town & Country stated that the firm had previously consulted counsel concerning the company's obligations under the bankruptcy code and that they understood the code to require turnover of a vehicle lawfully seized pre-petition upon a bankruptcy filing. The court finds it shocking that Town & Country has attempted to avoid what its officers knew to be required by the bankruptcy code. There is no question that the creditor's actions constituted a willful violation of the automatic stay entitling the debtors to recover for their actual damages and attorney's fees. Debtors, through their counsel, repeatedly informed Town & Country of the bankruptcy filing and its consequences. Town & Country then consciously and intentionally elected not to return the debtors' vehicle based upon its unilateral decision to ignore the bankruptcy code.

▪ Accordingly, the court concludes that the creditor willfully violated the automatic stay by refusing to return the debtors' vehicle without justification. Thus, judgment will be entered in favor of the debtor and debtor's counsel against Town & Country for debtors' attorney's fees in-

curred in this case in the amount of $2,000.00.[8]

### Punitive Damages

▪ Section 362(h) authorizes a court to award punitive damages "in appropriate circumstances." 11 U.S.C. § 362(h). Punitive damages require more than mere willful violation of the automatic stay imposed by section 362(a). *See, e.g., Goichman v. Bloom (In re Bloom),* 875 F.2d 224, 227 (9th Cir.1989) (requiring callous or reckless disregard for the law); *In re Brooks,* 207 B.R. at 742 (requiring egregious intentional misconduct); *In re Briggs,* 143 B.R. 438, 464 (Bankr. E.D.Mich.1992) (same). *Cf. In re Sharon,* 200 B.R. at 201–02 (denying punitive damages where conduct not likely to be repeated).

▪ In this case the court concludes there is ample evidence to support an award of punitive damages against Town & Country and in favor of the debtor. The creditor continually and knowingly attempted to circumvent the automatic stay imposed when the debtors filed their bankruptcy case, and Town & Country's antagonism toward the automatic stay and bankruptcy law is apparent in all of its debt related contact with the debtor.[9]

---

7. Even though the law with regard to when turnover is required is unsettled in this circuit, Town & Country is still liable for any misunderstanding or misapplication of the law with regard to the automatic stay. The automatic stay is the most fundamental protection afforded a debtor when bankruptcy is filed. Where there is uncertainty as to whether the creditors' actions will violate the automatic stay or not, the creditor should seek court permission and relief from stay. *See In re Gray,* 97 B.R. at 936. The creditor undertakes the risk of sanctions pursuant to section 362 when it attempts to interpret the application of the automatic stay and the scope of property to which it applies. *See id.*

8. Debtors' attorney submitted to the court an itemization of fees and expenses in the amount of $2,467.00. After reviewing the fee schedule the court concludes that $2,000.00 is a more reasonable fee.

9. Additionally, it appears to the court that Town & Country's disregard for the automatic stay is not limited to this case. The purchase agreement addendum described above attempts to allow for immediate repossession of an automobile upon a debtor filing bankruptcy, unless the debtor reaffirms the debt to Town & Country. The January 1998 letter announces that chapter 13 bankruptcy will not be accepted by Town & Country. These types of restrictions on a debtor's ownership or use of property which are conditioned upon the filing of bankruptcy (known as *ipso facto* clauses) are not enforceable in bankruptcy. *See* 11 U.S.C. §§ 541(c)(1)(B), 363(*l*), and 1303. Thus, Town & Country's documentary attempts to coerce debtors contrary to clear provisions of the bankruptcy code may be widespread. It would behoove Town & Country to obtain legal advice regarding its documents and conduct because it may expect similar treatment from this court in fu-

The court concludes that the appropriate sanction under these circumstances is the cancellation of both of Town & Country's security interests against the debtors' vehicle. Any balance which debtors owe Town & Country will be treated as an unsecured claim.

ture bankruptcy cases where the issues presented here arise.