In re Kenneth LeRoy BAUM, Debtor.

Kenneth LeRoy BAUM, Plaintiff,

v.

UNITED VIRGINIA BANK, Defendant.

Bankruptcy No. 81–00914–N.
Adv. No. 81–0514–N.

United States Bankruptcy Court,
E. D. Virginia,
Norfolk Division.

Nov. 23, 1981.

Alexander P. Smith, Smith & Owens, Norfolk, Va., for plaintiff.

Daniel R. Warman, Williams, Worrell, Kelly & Greer, Norfolk, Va., for defendant.

## OPINION AND ORDER

HAL J. BONNEY, Jr., Bankruptcy Judge.

This complaint was filed by the debtor alleging a violation of the automatic stay provision of 11 U.S.C. § 362 by the defendant bank. Alternatively, the debtor asks that a judicial lien be avoided pursuant to § 522(f).

The facts of this case have been stipulated by the parties. On September 25, 1980, United Virginia Bank obtained a judgment against the plaintiff-debtor, Kenneth Le-Roy Baum, in the amount of $5,000 plus interest and costs. On April 21, 1981, the Bank had a writ of fieri facias issued against Baum from the State court. On that same day, a summons in garnishment was issued against Unijax, Inc., Baum's employer, for wages due him. Unijax delivered $742.16, representing a portion of Baum's wages, to the clerk of the State court on June 2nd.

On June 11, 1981, Baum filed a petition under Chapter 7 in this Court. In his petition and homestead deed [which was recorded on June 10] Baum properly exempted wages and wages under garnishee pursuant to Code of Virginia, § 34–4, as amended, of $687. In addition the debtor exempted $1050 in wages pursuant to Code of Virginia, § 34–29, as amended.

The summons in garnishment was returnable on June 12, 1981. On that day, the bank received the funds from the State court and later the same day received notice of Baum's petition. The bank has retained the funds since that date.

The issues presented by this case are whether the debtor is entitled to recover his garnished wages from the bank and whether the automatic stay provisions of § 362 of the Bankruptcy Code were violated by the turnover of funds by the State court and the retention of those funds by the bank.

The Court finds that the debtor may recover his wages on three separate grounds.

First, the debtor would be entitled to the funds even if there had been no intervening bankruptcy. The Court rejects defendant's argument that the wages were no longer the property of the debtor upon their turnover to the State court. Baum properly filed a homestead deed with the Clerk of the Circuit Court of the City of Virginia Beach on June 10, 1981. The Virginia homestead deed is designed to protect a certain amount of a debtor's property from his creditors. By listing his wages as a part of his homestead, Baum intended to insulate that asset from his creditors. Section 34–17 of the State Code gives the time frame within which the exemptions must be set apart. The pertinent language of the section reads

"The real or personal estate . . . may be set apart at any time before it is subjected to sale or otherwise under judgment, decree, order, execution, or other legal process. . . ."

While this language is somewhat ambiguous, the Virginia Supreme Court has resolved any ambiguity with regards to garnishment in the case of *Wilson v. United Virginia Bank*, 214 Va. 14, 196 S.E.2d 920 (1973). There the Court states:

"We construe the language 'subjected by sale or otherwise under judgment, decree, order, execution or other legal process' to mean that a homestead deed may be filed at any time before a Court order or decree directs a sale or, as in this case, otherwise orders the payment of money by the garnishees to the judgment creditor at a hearing of the garnishment proceeding. See *Smith v. Holland*, 124 Va. 663, 666, 98 S.E. 676, 677 (1919). Hence, we do not agree that the language in Code § 34–17 means, as contended by Virginia National Bank, that property may not be set aside as exempt after it is *subject to* the lien of the judgment and after a garnishment proceeding has been instituted."

■ Baum filed his homestead deed on June 10th, the summons in garnishment was returnable June 12th. Notwithstanding the intervening bankruptcy, Baum is entitled to the wages because the wages were not subjected by sale or otherwise before the recordation of the homestead deed.[1]

■ In addition, the Bankruptcy Code provides two avenues of relief. Section 522(f) allows the debtor to avoid the fixing of a judicial lien on "an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section. . . ." The writ of

fieri facias [and the summons in garnishment as a means to effect that writ] is clearly a judicial lien. 11 U.S.C. § 101(27). Baum had properly exempted his wages under Virginia law and, therefore, may avoid the lien applied to his exempted wages by the writ of fieri facias.

■ Finally, the writ of fieri facias, the summons in garnishment, and the turnover of funds from Unijax to the State court and finally to the bank all occurred within 90 days of the filing of Baum's petition. This series of events has all of the outward signs of a preference which is voidable by the trustee under § 547(b). See *In re Cox*, 10 B.R. 268 (Bkrtcy.Md.1981); cf. *In re Riddervold*, 647 F.2d 342 (2nd Cir. 1981). While the trustee in bankruptcy is given the authority to avoid such a transfer under § 547, the Code allows the debtor to step into the shoes of the trustee to avoid such a transfer if the trustee does not. § 522(h). This is true even as to property which the debtor has exempted. § 522(g).

For all of the foregoing reasons, the debtor is entitled to the funds held by the United Virginia Bank.

■ The next issue the Court must address is whether the Bank is in violation of the automatic stay provisions of § 362 for retaining the funds it received.

The provisions of § 362 only apply after a petition has been filed. All of the actions taken by the bank, the State court and the employer prior to the filing of Baum's petition of June 11th, to wit: obtaining the original judgment, having the writ of fieri facias and summons in garnishment issued, withholding wages from Baum, and turning the wages over to the State court were not in violation of the stay.

The act of turning over the funds by the State court and the acceptance and reten-

1. The Court notes that there has been no evidence presented regarding the existence or non-existence of a homestead waiving provision in the note that underlies the judgment. While the Virginia homestead statute allows the enforcement of a homestead waiver (Code of Virginia § 34–22, as amended), the Bank-

ruptcy Code does not. 11 U.S.C. § 522(e). Should such a waiver exist in the note executed by Baum to the Bank, the Court's first argument would be moot. Nonetheless, homestead waivers are unenforceable within bankruptcy and both § 522(f) and § 547(b) entitles the debtor to recover his wages.

tion of funds by the bank after the filing of the petition were a violation of the automatic stay. The order of the State court turning over the funds to the bank was, as set forth in § 362(a)(2), "the enforcement against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title." The retention of the funds by the bank was, as set forth in § 362(a)(5), "an(y) act to create, perfect or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title."

As stated by this Court in *In re Terry*, 7 B.R. 880, 7 B.C.D. 21 (Bkrtcy.E.D.Va.1980), the automatic stay provision of § 362 is one of the fundamental debtor protections provided by the bankruptcy laws. It puts a STOP on all creditors' efforts.

A creditor who has commenced collection efforts against a debtor must, upon the filing of a bankruptcy petition by the debtor, step back and afford the debtor a "breathing spell." In addition, he must allow the trustee to make an orderly and equitable distribution of the estate of the debtor.

■ Any creditor who has instituted garnishment proceedings against a debtor who filed a petition in bankruptcy should be aware of the following:

■ The automatic stay of § 362 prevents the commencement or continuation of *any* collection efforts from the time of filing. Garnishment proceedings commenced prior to filing must be dismissed. It is the creditor's responsibility to stop the downhill snowballing of a continuing garnishment.

■ Wages that have been withheld by the garnishee and retained by the garnishor within ninety [90] days of the petition are preferential payments and must be turned over to the debtor or the trustee as each's interest may appear.

■ Failure to take these actions by a garnishing creditor is a violation of the automatic stay provision of § 362, and may be punishable by contempt. See *In re El-*

*der*, 12 B.R. 491, 7 B.C.D. 1153 (Bkrtcy.M.D. Ga.1981).

United Virginia Bank, by retaining the garnished wages of Kenneth LeRoy Baum, is in violation of § 362. The Bank is hereby ORDERED to release the funds to the debtor and dismiss any further garnishment proceedings that may be pending against the debtor.

A copy of this order shall be forwarded to counsel of record.