**In re Addison E. McCOY and Constitutional Trust # 2-503 Standard G & S, Debtors.**

**Bankruptcy Nos. 84-01056, 84-01055.**

United States Bankruptcy Court, D. South Carolina.

April 1, 1985.

Julio E. Mendoza, Columbia, S.C., for debtors.

Philip Wittenberg, Sumter, S.C., for Conti Commodity.

## MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

This matter came before the Court upon the motion of the debtor Addison E. McCoy (McCoy) to avoid the judicial lien of Conti Commodity Services, Inc. (Conti Commodity) on his family burial plots to the extent that said judicial lien impairs McCoy's exemption therein. Conti Commodity opposes McCoy's motion.

The debtor's motion is granted.

### FACTS

McCoy filed a *petition for relief under* Chapter 7 of the Bankruptcy Code (11 U.S.C. Sections 101 *et seq.*)[1] on July 16, 1984. On the same date, he, as the non-bankruptcy trustee of Constitutional Trust # 2–503 Standard G & S (Constitutional Trust), filed a petition on behalf of Constitutional Trust for relief under chapter 7. By the *Court's Order of October 24, 1984,* the two Chapter 7 cases were joined for administrative purposes.

Conti Commodity is a judgment creditor in both of the cases on account of the same indebtedness. Conti Commodity obtained a judgment against McCoy and Constitutional Trust on May 1, 1984, in the amount of $81,992.71. Included within McCoy's estate are family burial plots in which McCoy has claimed an exemption. He filed the Section 522(f)(1) motion because Conti Com-

modity's judgment has attached as a lien against the burial plots.

It appears that in the adversary proceeding in which Conti Commodity obtained its judgment against McCoy and Constitutional Trust, Conti Commodity alleged a cause of action to avoid a conveyance of real property from McCoy to Sara S. McCoy ("Mrs. McCoy") as a fraudulent conveyance. In conjunction therewith, Conti Commodity filed a *lis pendens* against the tracts of property and easement described in the deed from McCoy to Mrs. McCoy, which deed is recorded in Orangeburg County in Deed Book 484, page 203. Although McCoy denies that the conveyance was a fraudulent conveyance, the parties agreed to a settlement whereby the property was sold. As a part of the settlement, Conti Commodity executed a release of the *lis pendens*, which contains a paragraph stating:

> As the condition by which the aforesaid real estate is released and relieved of the Lis Pendens in order to facilitate the impending sale of said property, the Lis Pendens shall be deemed to be transferred and apply in force and effect to the net proceeds of the sale remaining after payment of existing mortgage and the usual closing costs, *and after allowance of Mr. McCoy's Homestead Exemption of Five Thousand ($5,000.00) Dollars,* with said balance to be held by Charlton B. Horger, Esq. and Messrs. Horger, Horger & Barnwell in his and their trust account, but placed at money market interest in a banking institution insured by FDIC until a final determination of the foregoing action and issues therein, the said escrow account to be deemed to be in the place and stead of the aforesaid real estate. (emphasis added).

Relying on the language of the release, Conti Commodity contends that McCoy has already been allowed his homestead exemp-

1. Hereinafter, all references to 11 U.S.C. Sections 101 *et seq.* shall be by the cited section number only.

tion and is now estopped from claiming his exemption in the burial plots.

McCoy contends that the release does not deprive him of an exemption in the family burial plots.

It is undisputed that the real property subject to the *lis pendens* (i.e., the family burial plots) was never the residence of McCoy or his dependent. Conti Commodity does not contest McCoy's right to avoid the judgment, pursuant to Section 522(f)(1), should McCoy be entitled to the exemption.

## DISCUSSION

As a debtor under Chapter 7, McCoy is entitled to exempt certain property from the bankruptcy estate pursuant to Section 522(b). Although Section 522(d) lists property which may be exempted, Section 522(b) permits a debtor the exemptions to which he is entitled under the law of the state of his domicile. S.C. Code § 15–41–200 (Supp.1981) in pertinent part provides:

> The following real and personal property of a debtor domiciled in this State shall be exempt from attachment, levy and sale under any mesne or final process issued by any court or bankruptcy proceeding:
>
> (1) The debtor's aggregate interest, not to exceed five thousand dollars in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor. *Provided,* however, that the aggregate value of multiple homestead exemptions allowable with respect to a single living unit may not exceed ten thousand dollars. If there are multiple owners of such a living unit exempt as a homestead, the value of the exemption of each individual owner may not exceed his fractional proportion of ten thousand dollars.

Thus, McCoy may be entitled to an exemption in real property which he uses as a residence, or in his or his dependent's buri-

al plots. He claimed this exemption in his Statement of Affairs and Schedules filed with the Court on July 16, 1984.

McCoy's exemption in the burial plots is impaired by the judicial lien of Conti Commodity. Under Section 522(f)(1) a debtor may avoid a judicial lien to the extent that it impairs his exemptions. Although Conti Commodity opposes McCoy's motion for lien avoidance—arguing that McCoy may not now claim the exemption because he previously has been allowed the exemption—Conti Commodity's argument is flawed for two reasons:

■  First, a homestead exemption in the property is not available because the property was not "real property or personal property that the debtor or a dependent of the debtor *uses as a residence,*" S.C. Code Section 15–14–200(1) (emphasis added). It appears that the real property sold pursuant to the release of *lis pendens* was never the debtor's residence nor the residence of a dependent of the debtor.

■  Second, Conti Commodity, positing that the debtor is estopped from claiming the exemption in the burial plots by accepting the settlement with the provision denominated as the allowance of the homestead exemption, contends that the debtor has waived his right to assert the homestead exemption.

That position is untenable under the Bankruptcy Code because Section 522(f), dealing with avoidance of liens that impair exemptions, states that the debtor may avoid a judicial lien "[n]otwithstanding any waiver of exemptions ...".

In *Baum v. United Virginia Bank (In re Baum),* 15 B.R. 538 (Bankr.E.D.Va. 1981), the court, in a footnote, stated that although "there has been no evidence presented regarding the existence or nonexistence of a homestead waiving provision in the note that underlies the judgment ... and the Virginia homestead statute allows the enforcement of a homestead waiver, the Bankruptcy Code does not. [H]omestead waivers are unenforceable within

bankruptcy." *Baum* at 540 n. 1 The legislative history is also clear that "the avoiding power [of Section 522(1)] is independent of any waiver of exemptions." House Report No. 95–595, 95th Cong., 1st Sess. 362 (1977); Senate Report No. 95–989, 95th Cong., 2d Sess. 76 (1978) (under subsection (e)), U.S.Code 9 Cong.Admin.News 1978 pp. 5787, 6317–18, 5863.

## ORDER

It is, therefore, ORDERED, ADJUDGED AND DECREED that the debtor's motion under Section 522(f)(1) to avoid the judicial lien of Conti Commodity Services, Inc., to the extent that said judicial lien impairs the debtor's allowed exemption in his family burial plots, is hereby granted.