**In re Lyndell L. MIMS, a/k/a Lyndell Laconyea Mims, a/k/a Mims Construction Co., Debtors.**

**Bankruptcy No. 97–03531–6J3.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

June 23, 1997.

R. Lawrence Heinkel, Winter Park, FL, for Debtor.

Laurie K. Weatherford, Winter Park, FL, trustee.

Bruce A. Norris, Orlando, FL, for Fox Ventures, Inc.

***AMENDED***

KAREN S. JENNEMANN, Bankruptcy Judge.

***ORDER GRANTING MOTION TO EN-JOIN CREDITOR, FOX VENTURES, INC. FROM CONTINUING WITH CIVIL ACTION AND WRIT OF GAR-NISHMENT IN VIOLATION OF 11 U.S.C. § 362, DIRECTING GARNISH-EE BANK TO TURNOVER PROPER-TY, AND AWARDING SANCTIONS***

This case came on for hearing on May 13, 1997, on the Motion For Order Enjoining Creditor, Fox Ventures, Inc., From Continuing with Civil Action and Writ of Garnishment in Violation of 11 U.S.C. § 362; For Order Directing Garnishee Bank to Turnover Property to the Debtor; and For Sanctions (the "Motion") (Doc. No. 8) filed by Lyndell L. Mims (the "Debtor"). The Motion seeks entry of an order compelling Fox Ventures, Inc. (the "Creditor") to dismiss a pending garnishment action involving certain funds held by garnishee bank, Metro Savings Bank (the "Garnishee"), directing Garnishee to turnover these funds to the Debtor, and awarding sanctions against the Creditor and their attorneys. After reviewing the pleadings and considering the applicable law, the Motion is granted.

The facts are not in dispute. Prior to the filing of this bankruptcy case, Creditor received a Final Judgment against the Debtor and served a Writ of Garnishment on Garnishee to collect upon the judgment. In response, the Garnishee froze funds deposited by the Debtor in a bank account.

On April 30, 1997, Debtor filed a petition initiating this Chapter 13 case. Thereafter, on several occasions, Debtor's counsel notified both Creditor and Garnishee of the

Debtor's bankruptcy filing and advised them to release the frozen funds or dissolve the pending garnishment pursuant to 11 U.S.C. § 362(a). Creditor refused to dismiss the garnishment action contending that it had no affirmative duty to take any action to release the garnished funds. Similarly, Garnishee refused to turnover the funds to the Debtor in light of the outstanding Writ of Garnishment.

■ Section 362(a) of the Bankruptcy Code imposes a stay against further collection activities against the debtor and arises automatically upon the filing of a bankruptcy case. The automatic stay is intended to give a debtor immediate relief from creditors' collection efforts and is one of the most important benefits provided to debtors. Given the significance of the automatic stay, bankruptcy courts strictly enforce its limitations to insure that debtors receive the protection to which they are entitled. Specifically, Section 362 provides in relevant part:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

. . .

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

11 U.S.C. § 362(a)

■ The automatic stay directly prohibits the "continuation" of any judicial action against the debtor or any act to collect any debt which arose prior to bankruptcy. *Elder v. City of Thomasville,* 12 B.R. 491 (Bankr. M.D.Ga.1981). *See also, Dennis v. Pentagon Federal Credit Union,* 17 B.R. 558 (Bankr. M.D.Ga.1982). Clearly, a garnishment proceeding is a judicial action against the debtor and is stayed by 11 U.S.C. § 362. However, a garnishment action is unique insofar as it requires affirmative action to comply with the requirements of the automatic stay.

The proper and required affirmative action is dismissal of the garnishment by the party seeking the garnishment. A creditor pursuing a garnishment simply cannot sit back and wait for the debtor to act because the effect is to continue to deprive the debtor of property in the possession of the garnishee or the state court in violation of the automatic stay. As stated by the Bankruptcy Court for the Middle District of Georgia in Elder, "No action is unacceptable; no action is action to thwart the effectiveness of the automatic stay." *Elder,* 12 B.R. at 494. The creditor and its agents, including its attorney, have an affirmative duty to stop the garnishment proceeding.

■ In this case, the issue is whether Creditor and its attorney had an affirmative duty to dismiss the garnishment proceeding upon notification that Debtor had filed bankruptcy. The answer is yes. After learning of the bankruptcy, Creditor had a duty to take affirmative action to stop the garnishment. Creditor's attorney also was required to notify Garnishee of the effect of the automatic stay, to seek the dismissal of the garnishment, and to direct Garnishee to release the frozen funds to Debtor.

Here, neither the Creditor or its attorney took any action to stop the garnishment. Instead, they contended that they had no obligation to inform the state court or the Garnishee that the garnishment should be released or dismissed. As counsel for the Creditor stated in his letter of May 6, 1997,

"Fox Ventures, Inc. is unwilling to release or dissolve either of the Writs of Garnishment at this time absent a court order." The effect of this decision was to intentionally deprive the Debtor of her funds. The decision was willfully made with full knowledge and in violation of the automatic stay. Accordingly, it is:

ORDERED:

1. The Motion is granted.

2. Creditor is directed immediately to dismiss the garnishment proceeding.

3. Garnishee is directed to immediately turnover the frozen funds to Debtor.

4. Sanctions in the amount of $750 are imposed against Creditor for its intentional violation of the automatic stay. A separate judgment consistent with this order shall be entered.