In re Keith D. MANUEL, Debtor.

Bankruptcy No. 97–34394–T.

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Sept. 10, 1997.

Kevin A. Lake, Lake & Lake, Richmond, VA, for Debtor.

C. Carter Wailes, Richmond, VA, for Robert B. Ritchie.

Robert E. Hyman, Richmond, VA, Chapter 13 Trustee.

### MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

Hearing was held August 13, 1997, on debtor's motion to show cause for violation of the automatic stay filed against Robert B. Ritchie and Richmond Finance Company. The principal issue is whether a judgment creditor who has brought a garnishment proceeding against the debtor prepetition has an affirmative duty to dismiss the garnishment after the debtor files a bankruptcy petition.

For reasons stated in this opinion the court finds that the creditor's delay in dismissing the garnishment was a violation of the automatic stay and that the creditor must reimburse a portion of debtor's expenses in bringing the instant motion.

### Facts

Debtor filed this chapter 13 case on June 23, 1997.

On the date of debtor's bankruptcy filing a garnishment action was pending against him in the City of Richmond General District Court. The garnishment, filed on June 4, 1997, was brought by "Robert B. Ritchie dba Richmond Finance Company" and named debtor's employer, WTVR–TV Media General as garnishee. The return date for the garnishment was August 21, 1997.

On July 1, 1997, debtor's counsel wrote a letter to Richmond Finance Company (Ex 4, incorporated in this opinion); copies of the letter were denoted for the Richmond General District Court and the garnishee WTVR–TV. Counsel's letter, in summary, advised the creditor that debtor had filed a chapter 13 petition and that 11 U.S.C. § 362(a) automatically stayed any debt collection or lien enforcement and requested the creditor to "immediately dismiss the garnishment...." The letter also contained a request to the general district court not to pay any garnishment proceeds to the judgment creditor and a request to debtor's employer to "immediately cease garnishment deductions...."

Notwithstanding the request of debtor's counsel's letter of July 1, 1997, and counsel's follow up telephone call, Ritchie took no action to have the garnishment action dismissed until after the present show cause motion was filed on August 4, 1997. WTVR–TV continued to withhold from debtor's wages pursuant to the garnishment summons for another four biweekly pay periods. A total of approximately $1,000.00 was withheld postpetition from debtor's wages which caused the debtor difficulty in making his chapter 13 plan payments and otherwise.

### Discussion And Conclusions

There can be little question that the continuation postpetition of a garnishment proceeding against a debtor is a violation of the automatic stay, notably as provided in Code § 362(a)(1), (2), (3), (4) and (6). *See In re Mims,* 209 B.R. 746 (Bankr.M.D.Fla.1997); *In re Suarez,* 149 B.R. 193 (Bankr.D.N.M. 1993); *In re Dencklau,* 158 B.R. 796 (Bankr. N.D.Iowa 1993); *In re Gray,* 97 B.R. 930, 934 (Bankr.N.D.Ill.1989); *Carlsen v. Internal Revenue Service (In re Carlsen),* 63 B.R. 706, 710–11 (Bankr.C.D.Cal.1986); *Baum v. United Va. Bank (In re Baum),* 15 B.R. 538 (Bankr.E.D.Va.1981).

Debtor seeks damages from Robert B. Ritchie dba Richmond Finance Company pursuant to Code § 362(h) which provides:

> (h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(h).

The issue which the court must decide is whether Ritchie's failure to affirma-

tively dismiss a prepetition garnishment was a "willful violation of" the automatic stay.

As the operator of a financing business,[1] Ritchie's company is no stranger to bankruptcy filings by its borrowers. According to his evidence, the firm customarily takes no action when informed of a bankruptcy filing when there is a pending garnishment against the debtor; their procedure has been to notify the general district court to dismiss the garnishment only at the time of the return date.

The garnishment here had a return date of August 21, 1997. When Ritchie received debtor's counsel's letter of July 1, 1997, advising of the bankruptcy, his office took no action to dismiss. Notwithstanding counsel's efforts to also notify the court and debtor's employer, the garnishment continued in force and the employer continued to withhold from debtor's salary. The garnishment continued until after debtor's present motion was filed on August 4, 1997, at which time Ritchie consulted his attorney and had the garnishment dismissed. The sums withheld from debtor's salary have or will be returned to him.

Ritchie ignored both the letter of July 1, 1997, and a subsequent telephone call from debtor's counsel. He and his office manager both testified that they believed they were doing all that was required, that they did not intend to disregard bankruptcy law requirements, and that they were aware that debtor's bankruptcy precluded their recovery under the garnishment. They did not intend to contest this result.

The court accepts Ritchie's evidence that he did not believe he was in violation of the stay by failing to dismiss the garnishment. However, his belief does not preclude a finding of willful violation.

A "willful violation" does not require a specific intent to violate the automatic stay. Rather, the statue provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional. Whether the party believes in good faith that it had a right to the property is not relevant to whether the act was "willful" or whether compensation must be awarded.

*Goichman v. Bloom (In re Bloom)*, 875 F.2d 224, 227 (9th Cir.1989) (quoting *INSLAW, Inc. v. U.S. (In re INSLAW)*, 83 B.R. 89, 165 (Bankr.D.D.C.1988)). *See also, Cuffee v. Atl. Bus. and Community Dev. Corp. (In re Atl. Bus. and Community Corp.)*, 901 F.2d 325, 329 (3d Cir.1990); *Budget Serv. Co. v. Better Homes of Va., Inc.*, 804 F.2d 289, 292–93 (4th Cir.1986).

Judge Hal Bonney of this district held in *Baum v. United Va. Bank (In re Baum)*, 15 B.R. 538 (Bankr.E.D.Va.1981), that a creditor has a "responsibility to stop the downhill snowballing of a continuing garnishment." *Baum*, 15 B.R. at 541. In *Baum*, the judgment creditor was held in contempt for failing to release the garnishment. *See also, In re Mims*, 209 B.R. at 748–49; *In re Gray*, 97 B.R. 930, 934 (Bankr.N.D.Ill.1989); *Carlsen v. Internal Revenue Service (In re Carlsen)*, 63 B.R. 706, 710–11 (Bankr.C.D.Cal.1986).[2]

The court concludes that Ritchie, having an affirmative obligation not to continue a violation of the automatic stay, acted willfully when he failed to promptly dismiss the garnishment against debtor's wages. Accordingly, he is subject to damages under § 362(h).[3]

Because of Ritchie's willful violation of the automatic stay, the court will enter a separate order requiring Ritchie and Richmond Finance Company to reimburse the debtor in the amount of $250.00 toward attorney fees incurred by debtor in bringing the present motion.

---

**1.** Ritchie testified that he operates as a corporation. However, the caption on the garnishment summons suggests a proprietorship.

**2.** However, *see In re Zunich*, 88 B.R. 721 (Bankr. W.D.Pa.1988), holding that a creditor's refusal to release funds received prepetition under a garnishment was not a willful violation of the stay.

**3.** Although a debtor's employer may also violate the automatic stay by continuing postpetition to withhold under a garnishment, the willfullness issue as to the employer is more problematic since the employer is also subject to the garnishment order of the state court.